# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

ALEJANDRA TAPIA,
            *Defendant-Appellant.*

No. 09-50248

D.C. No.
3:08-CR-00249-
BTM-2

OPINION

On Remand from the United States Supreme Court

Argued and Submitted
November 10, 2011—Pasadena, California

Filed December 8, 2011

Before: Mary M. Schroeder and Stephen Reinhardt,
Circuit Judges, and Henry E. Hudson, District Judge.*

Opinion by Judge Reinhardt

---

*The Honorable Henry E. Hudson, District Judge for the U.S. District Court for Eastern Virginia, sitting by designation.

## COUNSEL

Arnold Dale Blankenship, Assistant U.S. Attorney, San Diego, California; Bruce R. Castetter, Assistant U.S. Attorney, San Diego, California; Jaime D. Parks, Assistant U.S. Attorney, San Diego, California, for the plaintiff-appellee.

Michelle Betancourt, Federal Defender, San Diego, California; Doug Keller, Federal Defender, San Diego, California; Reuben Camper Cahn, Executive Director, Federal Defenders of San Diego, San Diego, California; James Fife, Federal Defender, San Diego, California, for the defendant-appellant.

## OPINION

REINHARDT, Circuit Judge:

   In sentencing Alejandra Tapia ("Tapia") following her conviction on immigration and bail-jumping charges, the district judge made a number of comments suggesting that the length of the sentence he imposed was determined at least in part by a desire to ensure that Tapia received drug treatment while in

prison. We affirmed Tapia's sentence, but the Supreme Court reversed, remanding to this court to determine whether Tapia is entitled to relief despite her failure to object to her sentence when imposed. *Tapia v. United States* 131 S.Ct. 2382, 2391-93 (2011). We hold that the district court's consideration of Tapia's rehabilitative needs in determining her sentence constituted plain error. We therefore vacate the sentence and remand for resentencing.

## I.

Border patrol agents arrested Tapia and Tinamarie Torres Debenedetto after they attempted to cross into the United States from Mexico with two undocumented aliens concealed in their car. Tapia was indicted for bringing an illegal alien into the country without presentation and for financial gain in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii) and (iii), and was released on her own recognizance. When she did not attend a motion hearing, a superceding indictment was issued encompassing the additional charge of knowing failure to appear in violation of 18 U.S.C. § 3146. A federal jury convicted her of the immigration and bail-jumping charges.

At sentencing, the government sought a sentence of 63 months imprisonment. After the district judge determined that the Guidelines sentence range for Tapia was 41 to 51 months, he imposed a sentence of 51 months. In complying with his obligation to explain his reasons for imposing a sentence of this length, *see Gall v. United States*, 552 U.S. 38, 49-50 (2007), the district judge repeatedly invoked Tapia's struggles with substance abuse, and her need to be enrolled in a drug treatment program. At no point in these proceedings did Tapia object to the sentence imposed. She appealed, however, challenging the district judge's consideration at sentencing of her need to receive drug treatment. We affirmed, citing circuit precedent holding that a district court could properly consider the need for rehabilitation in determining the length of an offender's prison term. *United States v. Tapia*, 376 Fed.

Appx. 707 (9th Cir. 2010) (citing *United States v. Duran*, 37 F.3d 557, 561 (9th Cir. 1994)).

The Supreme Court unanimously reversed. *Tapia*, 131 S.Ct. at 2385. The Court concluded that 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Id.* at 2391.[1] The Court declined, however, to vacate Tapia's sentence. *Id.* at 2393. It observed only that the district judge's comments at sentencing "suggest[ed] the possibility that Tapia's sentence was based on her rehabilitative needs," and remanded the case "for further proceedings consistent with [its] opinion," leaving it "to the Court of Appeals to consider the effect of Tapia's failure to object to the sentence when imposed." *Id.* at 2392-93.

## II.

Where, as here, a defendant did not raise her objection to her sentence before the district court, we review for plain error. *See* Fed R. Crim. Proc. 52(b); *United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008). Under the plain error standard of review, the appellant must show that "there is (1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Charles*, 581 F.3d 927, 933 (9th Cir. 2009) (quoting *United States v. Cruz*, 554 F.3d 840, 845 (9th Cir. 2009)) (internal quotation mark omitted).[2]

---

[1]The relevant statutory language is as follows:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.*

18 U.S.C. § 3582(a) (emphasis added).

[2]Tapia contends that, because the question on appeal is "purely one of law," and the government would "suffer no prejudice as a result of the

### III.

**[1]** The government concedes that Tapia has met the first two prongs of the plain error standard: the district court erred in considering Tapia's correctional and rehabilitative needs at sentencing, and that error was plain. The question is, therefore, whether Tapia has demonstrated that this error "affected substantial rights" and "seriously affected the fairness, integrity or public reputation of judicial proceedings." We conclude that she has.

### A.

**[2]** To show that the district court's error affected her substantial rights, Tapia must demonstrate "a reasonable probability that [she] would have received a different sentence" if the district court had not erred. *Waknine*, 543 F.3d at 55; *United States v. Dominguez-Benitez*, 542 U.S. 74, 81-82 (2004); *see United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). A "reasonable probability" is, of course, less than a certainty, or even a likelihood. *See Dominguez-Benitez*, 542 U.S. at 86 (Scalia, J., concurring in the judgment) (observing that the "reasonable probability" standard is more "defendant-friendly" than the "more likely than not" standard). This court has held that the standard can be met even without direct evidence of what sentence would have been imposed if not for the district court's error. *See, e.g.*, *United States v. Hammons*, 558 F.3d 1100, 1106 (9th Cir. 2008) (although the district court's intentions were "difficult to discern," its erroneous calculation of an offender's Criminal History Category "could easily have . . . led [it] to impose an additional one month of imprisonment," and thus affected substantial rights).

---

failure to raise the issue in the trial court," we need not apply the restrictive plain error standard. *See United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010). Because we hold that Tapia is entitled to relief even under the plain error standard, we need not address this contention.

We conclude there is a "reasonable probability" that the district judge's consideration of Tapia's rehabilitative needs influenced the length of the sentence he imposed. The district judge said the sentence had to be "be sufficient to provide needed correctional treatment," which he determined to be "the 500 Hour Drug program." He stated that one of the factors that "affect[ed]" the length of the sentence he chose was "the need to provide treatment," and that a lesser sentence "would not deter [Tapia] and provide for sufficient time so she could begin to address these problems." He added that the sentence he imposed was "the least sentence that can be imposed to effect all these reasons," with "all these reasons" clearly including both deterrence and rehabilitation. Although some of these statements reveal that the district judge was *also* concerned with deterrence, that does not mean that Tapia has not established a "reasonable probability" that his consideration of her rehabilitative needs played a part in his decision to impose the sentence he did; indeed, § 3582(a) contemplates that multiple "factors" will have an impact on a district court's determination of the length of an offender's sentence. 18 U.S.C. § 3582(a). The perceived need for time to ensure rehabilitative treatment was undoubtedly a factor in the district judge's determination of the length of Tapia's sentence. Moreover, even if only one of the factors cited by the district judge had ultimately affected the length of the sentence, the statements relating to the drug rehabilitation program establish a "reasonable probability" that it would have been rehabilitation.[3]

---

[3]The government contends that the district judge's statements at sentencing should not be taken at face value, as a 51-month sentence was unnecessarily long if he was motivated by a desire to ensure that Tapia would receive rehabilitative treatment while in prison. The 500 Hour Drug Program in which the district judge recommended that she enroll takes less than 30 months to complete. *See Minotti v. Whitehead*, 584 F. Supp. 2d 750, 755 (D.Md. 2008). There are a number of considerations, however, that might explain why the district judge may have thought that a 51-month sentence was necessary for Tapia to be able to participate in the program. First, Tapia had already been in federal custody for 193 days at

**[3]** There is little reason to think that the district judge did not mean what he said in sentencing Tapia. He stated that "the need to provide treatment" was one of the considerations that "affect[ed]" the length of the sentence he imposed. We take him at his word, and hold that Tapia has shown that there is a "reasonable probability that [she] would have received a different sentence" but for the district judge's impermissible consideration of this factor. *Waknine*, 543 F.3d at 554.

---

the time of her sentencing, and thus could be expected to serve only an additional 45 months of the 51-month sentence that the court imposed. *See* 18 U.S.C. § 3585(b). Second, the district judge may have taken into account that Tapia could experience delays in entering the drug treatment program. For example, the district judge may have thought that Tapia would be reluctant initially to enter the program, but believed that, if so, additional time in prison would convince her to do so. He may have also anticipated that delays could result from Tapia being initially placed in a facility that did not offer the program, or as a result of the extensive number of prisoners on the program's waiting list. *See* FEDERAL BUREAU OF PRISONS, STATE OF THE BUREAU 2009 at 26, *available at* http://www.bop.gov/news/PDFs/sob09.pdf (observing that over the last year the waiting list for this program had been reduced from 7,600 to 6,200 prisoners); *United States v. Manzella*, 475 F.3d 152, 156 (3d Cir. 2007) (district court had determined that the "Bureau of Prisons [normally] wished to have 36 months to conduct the program in light of scheduling issues"). Third, the district judge may have wanted to provide extra time in case Tapia engaged in misconduct that resulted in her being removed from the waiting list and having to wait six months before reapplying to the program. *See* BOP Program Statement No. P5330.11 § 2.5.5, *available at* http://www.bop.gov/policy/progstat/5330_011.pdf. Finally, the district judge may have taken into account the sentence reduction of up to one year that the Bureau of Prisons is authorized to grant to non-violent offenders who successfully complete the drug treatment program, *see* 18 U.S.C. § 3621(e)(2)(B); he could have also reasoned that only if Tapia could complete her sentence and then receive a reduction in prison time would she have a sufficient incentive to enter the program in the first place. Various combinations of these factors could have led the experienced district judge to rationally conclude that the 51-month sentence he imposed was, as he put it, "the necessary sentence" to promote Tapia's rehabilitation.

## B.

**[4]** Tapia has also demonstrated that this error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." We have regularly deemed the fourth prong of the plain error standard to have been satisfied where, as here, the sentencing court committed a legal error that may have increased the length of a defendant's sentence. *See, e.g., id.* at 554-55; *United States v. Castillo-Casiano*, 198 F.3d 787, 792 (9th Cir. 1999), *amended by* 204 F.3d 1257 (9th Cir. 2000); *United States v. Lawton*, 193 F.3d 1087, 1095 (9th Cir. 1999), *superseded in part on other grounds*, U.S.S.G. App'x C. para. 604 (2000), *as recognized in United States v. Barragan-Espinoza*, 350 F.3d 978, 983 (9th Cir. 2003). As we explained in *Castillo-Casiano*:

> It is easy to see why prejudicial sentencing errors undermine the "fairness, integrity, and public reputation of judicial proceedings:" such errors impose a longer sentence than might have been imposed had the court not plainly erred. Defendants . . . may be kept in jail for a number of years on account of a plain error by a court, rather than because their wrongful conduct warranted that period of incarceration. Moreover, there is little reason not to correct plain sentencing errors when doing so is so simple a task. . . . Reversing a sentence does not require that a defendant be released or retried, but simply allows a district court to exercise properly its authority to impose a legally appropriate sentence.

198 F.3d at 792. For these same reasons, we exercise our discretion to notice the plain error committed by the district court in this case. *See Johnson v. United States*, 520 U.S. 461, 467 (1997).

## IV.

**[5]** Accordingly, we conclude that the district judge committed plain error by "lengthening [Tapia's] prison term to

promote [her] rehabilitation." *Tapia*, 131 S.Ct. at 2391. We vacate her sentence and remand for resentencing.

**VACATED and REMANDED.**