**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10460 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00248-LDG |
| v. | |
| JEREMY WALTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

   Jeremy Walton appeals from the district court's judgment and challenges
four conditions of supervised release imposed as part of his sentence following
revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291,
and we affirm.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Walton contends that the district court erred by imposing certain conditions of supervised release. We review this contention for plain error, *see United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008), and find none. The reasons for the conditions prohibiting contact with minors, mandating sex offender treatment, and prohibiting him from possessing or viewing pornography are apparent from the record. *See id.* at 924. Because a condition implicating a significant liberty interest requires an explanation, Walton is correct that the district court should have made special findings when imposing the condition prohibiting him from contacting his minor child and the child's family without prior approval from his probation officer. *See United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir. 2008). However, in light of Walton's earlier express agreement to this condition, he has failed to demonstrate a reasonable probability that the district court would not have reimposed this condition had it explained its reasoning at the revocation hearing. *See United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011).

Nevertheless, we agree with Walton that the written judgment's description of Special Condition 7 is confusing. Because the district court's more specific oral pronouncement of sentence controls, we remand for the limited purpose of conforming the written judgment to the oral pronouncement of sentence. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993).

**AFFIRMED; REMANDED to correct the judgment.**