FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10476 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00221-RCJ |
| v. | |
| SHI YUAN LI, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

Submitted November 19, 2013**

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Shi Yuan Li appeals from the district court's judgment and challenges the

60-month sentence imposed following his guilty-plea conviction for conspiracy to

manufacture marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii),

and 846. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand

---

&ast;      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

&ast;&ast;      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for plenary resentencing before a different district judge.

Li contends, and the government agrees, that the district court committed reversible procedural error when it imposed sentence. Reviewing for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), we agree. The district court plainly erred when, despite determining that Li was eligible for safety valve relief under 18 U.S.C. § 3553(f), it expressly based its sentence on the contrary finding that Li had failed to provide truthful information to the government about his offense. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) ("It would be procedural error for a district court . . . to choose a sentence based on clearly erroneous facts."). Furthermore, Li's substantial rights were affected because the district court emphasized that this clearly erroneous fact justified the 60-month sentence. *See United States v. Tapia*, 665 F.3d 1059, 1061-63 (9th Cir. 2011) (finding effect on substantial rights where record reflected that judge's consideration of an improper factor affected the length of the sentence). Finally, the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1063 (internal quotations omitted). "We have regularly deemed the fourth prong of the plain error standard to have been satisfied where, as here, the sentencing court committed a legal error that may have increased the length of a defendant's sentence." *Id.*

12-10476

Li has filed an unopposed motion for reassignment of this case to a new district judge upon remand. In order to preserve the appearance of justice, we grant Li's motion. *See United States v. Quach*, 302 F.3d 1096, 1103-04 (9th Cir. 2002). We remand with instructions that the case shall be reassigned to a different district judge for resentencing.

**VACATED and REMANDED for resentencing.**