**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10272 |
| Plaintiff - Appellee, | D.C. No. 3:03-cr-00343-DGC-1 |
| v. | |
| TYRONE TRAVIS BEGAY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted February 10, 2014**
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and RICE, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Thomas O. Rice, United States District Judge for the Eastern District of Washington, sitting by designation.

Appellant Tyrone Begay ("Begay") appeals the district court's imposition of several conditions of supervised release. Because Begay did not object to the challenged conditions in the district court, we review for plain error. *United States v. Blinkinsop*, 606 F.3d 1110, 1118 (9th Cir. 2010). "Plain error is (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1114 n.2.

The district court did not plainly err in imposing <u>Standard Condition 15</u>, which requires Begay to "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics." This condition is "reasonably related to the goals of deterrence, protection of the public, or rehabilitation . . . taking into account [Begay's] history and personal characteristics" and involves "no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Watson*, 582 F.3d 974, 982 (9th Cir. 2009). The condition provides adequate notice of the prohibited conduct and therefore does not violate due process. *See United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004).

The district court erred in imposing <u>Special Condition 5</u>, which requires Begay to refrain from possessing, viewing or otherwise using "material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)" or "any other material

2

that is sexually stimulating, sexually oriented, or deemed to be inappropriate by the probation officer and/or treatment provider." Without further clarification, the term "inappropriate" is "too vague to put [Begay] on notice of what material is prohibited."[1] *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008). Nevertheless, we conclude that this error does not constitute plain error. To establish plain error, Begay must "make a specific showing of prejudice." *United States v. Olano*, 507 U.S. 725, 734-35 (1993). At this juncture, any prejudice to Begay is too speculative to satisfy this requirement. Begay's forward-looking due process concerns could be addressed by way of a motion to modify this condition pursuant to 18 U.S.C. § 3583(e)(2). Moreover, "if and when [Begay's] supervised release is revoked, we will examine the findings to insure that [his] due process right to notice of prohibited conduct has been observed." *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008) (internal quotation marks and quoted source omitted).

Special Condition 11 requires Begay to inform his probation officer of "all individuals with whom [he has] an intimate and/or romantic and/or sexual and

---

[1] This Court reversed the imposition of a nearly identical provision in *United States v. Preston*, 706 F.3d 1106, 1122 (9th Cir. 2013). The *Preston* case has since been taken en banc, and the panel's published opinion may no longer be cited as binding precedent. *United States v. Preston*, 727 F.3d 894 (9th Cir. 2013) (order granting rehearing en banc).

3

close emotional relationship." Begay first argues that the district court was required to support the imposition of this condition with special findings. *See United States v. Wolf Child*, 699 F.3d 1082, 1094-95 (9th Cir. 2012). This argument fails because, unlike the condition at issue in *Wolf Child*, this condition does not infringe upon Begay's right to intimate association. Begay may pursue an intimate relationship with whomever he pleases; this condition simply requires him to report the relationship to his probation officer.

The Government concedes that this condition is impermissibly vague, and we agree. Because "[r]easonable minds can differ greatly" about what constitutes an "intimate," "romantic" or "close emotional" relationship, Begay cannot reasonably determine the breadth of this condition. *United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002). Here, again, however, Begay has failed to establish that this error rises to the level of plain error, given that he has a statutory remedy available to him under 18 U.S.C. § 3583(e)(2).

Special Condition 8 prohibits Begay from directly or indirectly contacting any victim or victim's family member without prior written permission from his probation officer. In contrast to the terms in Special Conditions 5 and 11, the terms in this condition are not so vague as to require a person of ordinary intelligence to guess at their meaning. *See United States v. Soltero*, 510 F.3d 858,

866-67 (9th Cir. 2007) (per curiam). We are satisfied that any potential ambiguities in these terms do not violate Begay's right to due process. *See id.* at 867 n.9 ("Generally, supervised release provisions are read to exclude inadvertent violations." (quoting *United States v. Johnson*, 466 F.3d 272, 281 (2d Cir. 2006))).

Special Condition 10 prohibits Begay from "travel[ing] outside of the county and/or reservation where [he is] currently registered as a sex offender, without prior permission of the probation officer." "[T]o impose a condition that implicates a significant liberty interest, the district court must support its decision on the record with evidence justifying the condition." *Watson*, 582 F.3d at 983. Failure to provide such a justification is "plain procedural error." *Wolf Child*, 699 F.3d at 1095. We remand for the district court to provide the required justification on the record. *See id.* We decline the Government's invitation to look to the Supervised Release Disposition Report for supporting evidence. *See id.* at 1092-93. We express no opinion as to the substantive reasonableness of this condition.

As Begay has withdrawn his challenge to Special Condition 7, we do not address it.

**AFFIRMED in part and REVERSED in part. VACATED in part and REMANDED.**

*United States v. Begay*, No. 12-10272

RICE, District Judge, with whom TALLMAN, Circuit Judge, joins, concurring.

I agree that remand is required under *United States v. Wolf Child*, 699 F.3d 1082 (2012), as a result of the district court's failure to provide an on-the-record justification for the travel restriction in Special Condition 10. According to *Wolf Child*, this was "plain procedural error" that triggers an automatic remand for resentencing. *See id.* at 1095-96.

I write separately to express my view that automatic remand in this circumstance is improper. When a defendant fails to object to an alleged error in the district court, we review only for plain error. *United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011). Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (internal quotation marks omitted). "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, *but only if* (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (emphasis added).

Our authority to review for plain error is derived from Federal Rule of Criminal Procedure 52(b), which vests us with discretion to reverse a final judgment based upon an otherwise forfeited error. *United States v. Olano*, 507

U.S. 725, 731-32 (1993). As the Supreme Court explained in *Olano*, we may only

exercise our discretion under Rule 52(b) when a forfeited error "seriously affects

the fairness, integrity or public reputation of judicial proceedings." *Id.* at 732.

Whether an error has seriously affected the fairness, integrity or public reputation

of judicial proceedings necessarily turns on the facts and circumstances of each

case. *Puckett v. United States*, 556 U.S. 129, 142 (2009) (emphasizing that the

fourth prong of the plain error analysis must be "applied on a case-specific and

fact-intensive basis"). We are therefore forbidden from adopting a "*per se*

approach" to plain error review, *id.*, as doing so would render our discretion to

correct a forfeited error illusory, *Olano*, 507 U.S. at 737.

I believe that automatic remand upon a finding of "plain procedural error"

constitutes an improper *per se* approach to plain error review. When a defendant

has not objected to a supervised release condition, even one that "implicate[s] a

particularly significant liberty interest," *see Wolf Child*, 699 F.3d at 1096, we must

perform a "case-specific and fact-intensive" review to determine whether the

fairness, integrity or public reputation of the proceedings has been seriously

affected, *Puckett*, 556 U.S. at 142. Remanding as a matter of course simply

because the district judge did not provide an on-the-record justification for

2

imposing the condition is an abrogation of the discretion vested in us by Rule 52(b). *Olano*, 507 U.S. at 737.

Finally, I note that defendants in Begay's position have a statutory remedy available to them under 18 U.S.C. § 3583(e)(2). The existence of this remedy cuts sharply against a finding of plain error. After all, if a defendant remains free to pursue a modification of an allegedly illegal condition in the district court under § 3583(e)(2), how can we possibly conclude that the fairness, integrity or public reputation of the proceedings has been seriously affected? If the error is truly "plain," the district court will likely correct it—or, at the very least, supply the missing on-the-record justification for imposing the challenged condition.

I would encourage the full court to revisit *Wolf Child*'s automatic-reversal approach in a future case.