RICE, District Judge,
with whom TALLMAN, Circuit Judge, joins, concurring.
I agree that remand is required under United States v. Wolf Child, 699 F.3d 1082 (2012), as a result of the district court’s failure to provide an on-the-record justification for the travel restriction in Special Condition 10. According to Wolf Child, this was “plain procedural error” that triggers an automatic remand for resentenc-ing. See id. at 1095-96.
*585 I write separately to express my view that automatic remand in this circumstance is improper. When a defendant fails to object to an alleged error in the district court, we review only for plain error. United States v. Tapia, 665 F.3d 1059, 1061 (9th Cir.2011). Plain error is “(1) error, (2) that is plain, and (8) that affects substantial rights.” United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (internal quotation marks omitted). “If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Id. (emphasis added).
Our authority to review for plain error is derived from Federal Rule of Criminal Procedure 52(b), which vests us with discretion to reverse a final judgment based upon an otherwise forfeited error. United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). As the Supreme Court explained in Olano, we may only exercise our discretion under Rule 52(b) when a forfeited error “seriously affects the fairness, integrity or public reputation of judicial proceedings.” Id. at 732, 113 S.Ct. 1770. Whether an error has seriously affected the fairness, integrity or public reputation of judicial proceedings necessarily turns on the facts and circumstances of each case. Puckett v. United States, 556 U.S. 129, 142, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (emphasizing that the fourth prong of the plain error analysis must be “applied on a case-specific and fact-intensive basis”). We are therefore forbidden from adopting a “per se approach” to plain error review, id., as doing so would render our discretion to correct a forfeited error illusory, Olano, 507 U.S. at 737, 113 S.Ct. 1770.
I believe that automatic remand upon a finding of “plain procedural error” constitutes an improper per se approach to plain error review. When a defendant has not objected to a supervised release condition, even one that “implicate[s] a particularly significant liberty interest,” see Wolf Child, 699 F.3d at 1096, we must perform a “case-specific and fact-intensive” review to determine whether the fairness, integrity or public reputation of the proceedings has been seriously affected, Puckett, 556 U.S. at 142, 129 S.Ct. 1423. Remanding as a matter of course simply because the district judge did not provide an on-the-record justification for imposing the condition is an abrogation of the discretion vested in us by Rule 52(b). Olano, 507 U.S. at 737, 113 S.Ct. 1770.
Finally, I note that defendants in Be-gay’s position have a statutory remedy available to them under 18 U.S.C. § 3583(e)(2). The existence of this remedy cuts sharply against a finding of plain error. After all, if a defendant remains free to pursue a modification of an allegedly illegal condition in the district court under § 3583(e)(2), how can we possibly conclude that the fairness, integrity or public reputation of the proceedings has been seriously affected? If the error is truly “plain,” the district court will likely correct it — or, at the very least, supply the missing on-the-record justification for imposing the challenged condition.
I would encourage the full court to revisit Wolf Child’s automatic-reversal approach in a future case.