**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50532 |
| Plaintiff - Appellee, | D.C. No. 8:13-cr-00005-CJC-1 |
| v. | |
| ADRIAN ANDREW PALOMINO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 5, 2015
Pasadena California

Before: PREGERSON, PARKER[**], and NGUYEN, Circuit Judges.

Adrian Andrew Palomino appeals his sentence imposed following a guilty

plea to one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a).

Palomino argues that the government breached the terms of the parties' written

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

plea agreement. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We vacate the sentence and remand for resentencing.

In the plea agreement, the government promised to recommend a sentence no higher than the low-end of the guidelines range. At the sentencing hearing, after a victim spoke of the crime's impact on him, the district court articulated its guidelines calculations and a number of aggravating as well as mitigating factors that would be relevant in the court's sentencing decision. The court then noted that, in its view, the sentence would "obviously" be within the guidelines range, and the only issue remaining would be "where on this guideline range that sentence should be." Next, the court asked for the prosecutor's views on "the appropriate sentence here." In response, the prosecutor focused exclusively on aggravating factors—Palomino's "substantial criminal history," the failure of prior convictions to deter him, and the "escalation in terms of the nature of [his] crimes." When the court interjected that drug addiction may have played a mitigating role and asked if the prosecutor agreed, he answered that he did, but then immediately refocused on aggravating facts, stating that the crimes occurred during a "short two-week period" and the victim's fear, as expressed at the hearing, underscored the seriousness of the crimes. Finally, it was only after the court moved on to solicit defense counsel's views that the prosecutor interrupted to note that he still stood by

2

the government's promise in the plea agreement for a low-end sentence recommendation.

The government breaches a plea agreement if it promises to recommend a particular disposition "and then either fails to recommend that disposition or recommends a different one." *United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014). The breach may be implicit—for example, "when the government obligates itself to make a recommendation at the low end of the guidelines range" but introduces "information that serves no purpose but 'to influence the court to give a higher sentence.'" *United States v. Whitney*, 673 F.3d 965, 971 (9th Cir. 2012) (quoting *United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999)). Whether intended or not, that is what happened here. Contrary to the government's contention on appeal, there was no indication that the court was considering a below-guidelines sentence. In fact, even before the court solicited the parties' positions, it indicated that the appropriate sentence would be within the applicable guidelines range. Under these circumstances, the prosecutor's repeated and exclusive emphasis on aggravating factors, and quick dismissal of the one mitigating factor of drug addiction raised by the court, implicitly urged a higher sentence. Palomino's substantial rights were plainly affected because there is a "reasonable probability" that he "would have a received a different sentence."

*United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011). This is particularly

true here because the court stated, prior to hearing from the parties, that it had no

tentative sentence, and ultimately imposed a mid-range sentence.

We remand to a different district judge, as our precedent requires, but we

intend no criticism of the sentencing judge. *See Whitney*, 673 F.3d at 976. We

need not address other arguments raised on appeal.[1]

**VACATED and REMANDED for resentencing, with instructions.**

---

[1] On appeal, Palomino appears to challenge the three-point enhancement for brandishing a dangerous weapon under U.S.S.G. § 2B3.1(b)(2)(E), although he stipulated to its application in the plea agreement. Of course, the district court is not bound by the parties' stipulation and may, on remand, reevaluate whether a pen chained to a bank counter constitutes a dangerous weapon. The government represented to us that the enhancement was negotiated based on the pen *and* the threat of a bomb, but Palomino could not have brandished a fictitious bomb. *See* U.S.S.G. § 1B1.1 cmt. n.1(C) ("[A]lthough the dangerous weapon does not have to be directly visible, the weapon must be present.").