FILED

**NOT FOR PUBLICATION**

DEC 12 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10084 |
| Plaintiff-Appellee, | D.C. No.<br>3:14-cr-00017-LRH-WGC-1 |
| v. | |
| CHRISTOPHER ARMELLIO BARLESE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted November 17, 2016
San Francisco, California

Before: SCHROEDER, WARDLAW, and OWENS, Circuit Judges.

Christopher Armellio Barlese appeals his sentence after pleading guilty to assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3), 1151 and 1153. Apparently under the influence of mind-altering drugs, he assaulted an elderly man in his home, and stabbed him twenty-nine times.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.      Barlese's principal argument on appeal is that the district court improperly considered his rehabilitation needs in imposing the sentence, in violation of *Tapia v. United States*, 564 U.S. 319 (2011), and *United States v. Tapia*, 665 F.3d 1059 (9th Cir. 2011).  We review for plain error.

The Supreme Court in *Tapia* recognized that a court is prohibited from "imposing or lengthening a prison term to promote an offender's rehabilitation." 564 U.S. at 332; *see also* 18 U.S.C. § 3582(a) (providing that imprisonment is "not an appropriate means of promoting correction and rehabilitation").  There was no plain error in this case.  In sentencing above the Guidelines range, the district court expressly took into account the appropriate factors under § 3553(a)(2).  Although it recognized that the defendant has serious mental health issues, the court did not suggest that the sentence itself was imposed out of concern for rehabilitation needs.

2.      The district court did not abuse its discretion by imposing a substantively unreasonable sentence.  *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008).  The district court expressly noted that it "started at the [G]uidelines" in calculating Barlese's sentence and gave "great deference" to the parties' sentencing recommendation, but that the circumstances of the offense and Barlese's criminal history warranted its rejection of the plea agreement and upward departure from the Guidelines range.  Similarly, the district court explained that it

was "fully aware of the defendant's mental health issues, his drug history, his family history" and incorporated into its analysis the likelihood that those factors contributed to Barlese's criminal record. Finally, the record does not indicate that the district court was influenced in its sentencing determination by the government's victim impact evidence, because all such evidence was available elsewhere in the record.

**AFFIRMED.**