NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-50325 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00454-DSF-1 |
| v. | |
| MAGDALENO OCHOA, AKA Manuel Ruiz Ochoa, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 7, 2019[**]
Pasadena, California

Before:  GOULD, NGUYEN, and OWENS, Circuit Judges.

Defendant-Appellant Magdaleno Ochoa appeals from his conviction under 8

U.S.C. § 1326 for being a previously removed noncitizen found illegally in the

United States.  As the parties are familiar with the facts, we do not recount them

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Ochoa argues that the district court erred in denying his motion to exclude his statements to a deportation officer in 2012 regarding his parents' citizenship because the statements were not preceded by *Miranda* warnings. We review de novo whether a defendant was constitutionally entitled to *Miranda* warnings and a trial court's denial of a motion to suppress. *See United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008).

Although Ochoa was in custody when questioned, he was not constitutionally entitled to *Miranda* warnings. The questioning was part of a routine, administrative interview to determine Ochoa's deportability after his release from prison. The interview was unrelated to why Ochoa was then in custody, and the officer had no prosecutorial intention. *See United States v. Salgado*, 292 F.3d 1169, 1172 (9th Cir. 2002). Nor could the officer have anticipated that Ochoa would again illegally reenter and his statements would be incriminating years later. *See United States v. Solano-Godines*, 120 F.3d 957, 962 (9th Cir. 1997).

Moreover, even if this were a *Miranda* violation, admission of Ochoa's statements was harmless error. *See United States v. Gonzalez-Sandoval*, 894 F.2d 1043, 1047-48 (9th Cir. 1990). The government introduced sufficient other evidence to prove Ochoa's alienage at trial.

2.  Ochoa also contends that the district court erred in considering "judicial and administrative efficiency" when it imposed a supervised release term. Because Ochoa did not raise this issue below, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993).  Ochoa fails to show this was a plain error or affected his substantial rights. *Id.* at 732.  The district court concluded that supervised release was necessary primarily because of deterrence and public safety, enumerated considerations under 18 U.S.C. § 3553(a).  Its passing mention of efficiency as an additional benefit was immaterial.  There was also no "reasonable probability" that Ochoa's sentence would have differed without the court's "efficiency" consideration, particularly given that Ochoa requested the three-year probation term. *See United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011).

**AFFIRMED.**