**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-30175 |
| Plaintiff-Appellee, | DC No. CR 11-0027 TMB |
| v. | |
| SYNDA L. COLLINS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted June 13, 2019[**]
Anchorage, Alaska

Before:    TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Defendant-Appellant Synda Collins appeals the statutory maximum sentence

imposed by the district court upon revocation of her supervised release.  She

argues that the district court erred by focusing primarily on the seriousness of her

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

new criminal offense as a primary factor in determining her revocation sentence, in contravention of Ninth Circuit precedent. We have jurisdiction under 28 U.S.C. § 1291, and because Collins did not raise this objection during the revocation hearing before the district court, we review for plain error. *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009); Fed. R. Crim. P. 52(b). Plain error is: "(1) error, (2) that is plain, and (3) affects substantial rights." *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). If those conditions are met, then we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* Because we agree with Collins that the district court plainly erred, we reverse and remand for resentencing.

A district court may not rely upon the seriousness of the new criminal offense underlying revocation of supervised release as a primary justification for imposing a particular revocation sentence. *See United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006); *see also* 18 U.S.C. §§ 3553(a)(2)(A), 3583(e). In this case, the district judge's sentencing remarks make clear that the district court did just that in determining Collins' sentence upon revocation of her supervised release. The district court began its sentencing remarks by incorrectly stating that it needed to

consider the factors in § 3553(a), including "the need for the sentence to reflect the seriousness of the offense." The district court later explicitly addressed "[t]he seriousness of the offense," discussing at length the offense's impact on the victim and his family in order to emphasize "how serious this offense was."[1] The district court's focus on this factor, and suggestion that this factor was "critically important," demonstrate that the district court relied on the seriousness of Collins' new offense as a primary consideration in fashioning Collins' revocation sentence; doing so was error that was plain.

This plain error affected Collins's substantial rights and the fairness of her proceedings because there is a "reasonable probability" that the district court would have imposed a different sentence had it not impermissibly considered the seriousness of the offense. *See United States v. Vargem*, 747 F.3d 724, 728–729 (9th Cir. 2014) (noting that sentencing error that "potentially result[ed] in the imposition of a greater sentence . . . affects the defendant's substantial rights and the fairness of the judicial proceedings," and therefore "satisfie[s]" the "third and

---

[1] The district court's repeated references to the "seriousness of the offense" and emphasis on the lasting impacts of the accident rather than on Collins' own actions show that the court impermissibly considered the seriousness of the offense as its own stand-alone factor, rather than merely as part of Collins' criminal history or as part of determining the severity of Collins' breach of the court's trust. *See Simtob*, 485 F.3d at 1062–63.

3

fourth prongs of the plain-error test" (internal quotation marks omitted)); *see also United States v. Tapia*, 665 F.3d 1059, 1062–63 (9th Cir. 2011). Because we exercise our discretion to correct the district court's plainly erroneous reliance upon the seriousness of Collins' new offense, we need not reach Collins' argument that the sentence imposed was substantively unreasonable.

**REVERSED and REMANDED for resentencing.**