**NOT FOR PUBLICATION**

FILED

AUG 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50466 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00448-R-1 |
| v. | |
| ROBIN KASI PAWLAK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted August 13, 2019**
Pasadena, California

Before:  CALLAHAN, FISHER,*** and CHRISTEN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Robin Pawlak appeals her seventy-two month sentence following her guilty pleas to one count of bank robbery and one count of conspiracy to commit bank robbery. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

Although she received a below guidelines sentence, Pawlak argues that the district court committed reversible procedural error by failing to calculate the guideline range before it imposed her sentence. Pawlak did not object at the time of sentencing, so we review for plain error. *United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008).

The government concedes that the district court plainly erred in failing to calculate the guidelines, *see United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), but contends that Pawlak fails to establish any prejudice resulting from the district court's error. We agree.

It is Pawlak's burden to "demonstrate 'a reasonable probability that [she] would have received a different sentence' if the district court had not erred." *United States v. Vargem*, 747 F.3d 724, 728 (9th Cir. 2014) (quoting *United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011)). Here, Pawlak does not dispute the accuracy of the pre-sentence report's guideline calculation, and she received a

---

[1] The parties are familiar with the facts and record; we recite them only as necessary to resolve Pawlak's appeal.

sentence that was twelve months below the low end of that range.  On these facts,

Pawlak has not established the requisite prejudice to merit vacatur of her sentence.

**AFFIRMED.**