**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10472 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00433-DLR-1 |
| v. | |
| JULIO JESUS HIGUERA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted November 12, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and WARDLAW and COLLINS, Circuit Judges.

Julio Jesus Higuera appeals the district court's order revoking his supervised

release and imposing a 20-month prison sentence. We have jurisdiction under 18

U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand

for resentencing.

1. Higuera argues that his admission to the alleged violation of the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

conditions of his supervised release was not knowing, intelligent, and voluntary because he incorrectly believed that the maximum sentence he could receive was 12 months. We review de novo whether the admission was voluntary and for clear error whether it was knowing and intelligent. *United States v. Stocks*, 104 F.3d 308, 312 (9th Cir. 1997).

We find no error under either standard. The magistrate judge expressly told Higuera that he could receive a maximum sentence of 24 months. Higuera was also provided with a revocation petition and accompanying packet listing the maximum sentence as 24 months, and he stated on the record that he had read and understood the petition. Moreover, Higuera's attorney attested that he reviewed with Higuera the possible term of imprisonment that could be imposed. Higuera does not contend that his attorney provided him with incorrect information. These facts are sufficient to support the district court's finding that Higuera's admission and waiver of the revocation hearing were knowing, intelligent, and voluntary.

2.      The district court plainly erred by imposing a 20-month sentence for the purpose of allowing Higuera to participate in the Bureau of Prisons' Residential Drug Abuse Program (RDAP). *See Tapia v. United States*, 564 U.S. 319, 332 (2011) (holding that the sentencing statute "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation"); *United States v. Grant*, 664 F.3d 276, 282 (9th Cir. 2011)

(applying *Tapia* to sentences imposed for violations of supervised release conditions).

The district court's only explanation for its sentence was that it was intended "to allow [Higuera] correctional treatment; in particular, the RDAP program." This is little different than the explanation the Supreme Court found improper in *Tapia*. *See Tapia*, 564 U.S. at 322. Though the district court's colloquy here was acceptable, it erred when it justified the term of Higuera's sentence based on his ability to secure rehabilitative services. *See id.* at 335. The error affected Higuera's substantial rights because the district court's improper focus on imposing a sentence sufficiently long to allow Higuera to participate in RDAP gives rise to a reasonable probability that he would have otherwise received a lesser sentence. *United States v. Tapia*, 665 F.3d 1059, 1063 (9th Cir. 2011) (where the district judge's on-the-record comments confirmed that "the need to provide treatment was one of the considerations that affect[ed] the length of the sentence he imposed," the defendant demonstrated "that there [was] a reasonable probability that [he or she] would have received a different sentence but for the district judge's impermissible consideration of this factor" and "also demonstrated that this error seriously affected the fairness, integrity, or public reputation of judicial proceedings") (internal quotation marks omitted); *see also Grant*, 664 F.3d at 279, 282 (vacating, on plain error review, a sentence imposed in violation of

3

*Tapia*).  We therefore vacate the sentence and remand to the district court for resentencing.[1]

**AFFIRMED in part, VACATED in part, REMANDED.**

---

[1] In light of our disposition, we do not address Higuera's argument that the 20-month sentence was substantively unreasonable.