NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10086 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-01322-GMS-1 |
| v. | |
| FRANCISCO JAVIER HERNANDEZ-BARRERAS, AKA Francisco Hernandez-Barreras, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted February 5, 2021
Phoenix, Arizona

Before: W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Francisco Hernandez-Barreras challenges the district court's imposition of

supervised release and standard conditions following his conviction for illegal

reentry in violation of 8 U.S.C. § 1326. We have jurisdiction under 18 U.S.C.

§ 3742(a) and 28 U.S.C. § 1291. We affirm.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The district court did not abuse its discretion by imposing supervised release. The district court's application of the Sentencing Guidelines to the facts of the case is reviewed for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). A district court "ordinarily should not impose a term of supervised release" where the defendant "likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). However, a district court may impose supervised release if it gives "a specific and particularized explanation that supervised release would provide an added measure of deterrence and protection based on the facts of [the defendant's] case." *United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012). Here, the district court considered Hernandez-Barreras's case and explained why a term of supervised release was "warranted under the circumstances." This was not an abuse of discretion.

2. The district court did not plainly err in imposing standard conditions of supervised release. Hernandez-Barreras argues for the first time on appeal that the district court erred by imposing standard conditions "that are unclear, and in some cases impossible to comply with, for a supervisee who has been deported." Because he failed to raise this issue to the district court, we review for plain error. *United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011). To demonstrate plain error, Hernandez-Barreras must show that the error he asserts "is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection."

*Claiborne v. Blauser*, 934 F.3d 885, 898 (9th Cir. 2019) (quoting *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011)). "An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *United States v. Wijegoonaratna*, 922 F.3d 983, 991 (9th Cir. 2019) (internal quotation marks and citation omitted). Assuming without deciding that there was error, Hernandez-Barreras has not shown that the error was plain.

**AFFIRMED.**