NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  23-50015 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01194-JLS-1 |
| v. | |
| ROBERT ALLEN FESTA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted September 11, 2023
Pasadena, California

Before:  M. SMITH, FRIEDLAND, and MILLER, Circuit Judges.

Robert Allen Festa appeals the statutory maximum sentence of twenty-four months imposed by the district court upon revocation of his supervised release.  He argues that the district court erred by imposing the sentence based on his need for rehabilitation and by failing to calculate, announce, and explain its deviation from the Sentencing Guidelines range of three to nine months.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

under 28 U.S.C. § 1291, and because Festa did not raise these objections during the revocation hearing before the district court, we review for plain error. *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009); Fed. R. Crim. P. 52(b). Plain error is: "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). If those conditions are satisfied, then we may exercise our discretion to correct an error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Cotton*, 535 U.S. at 631). Because we agree with Festa that the district court plainly erred, we reverse and remand for resentencing.

A district court errs when it fails to calculate and announce the appropriate Sentencing Guidelines range at the beginning of a sentencing proceeding. *See Hammons*, 558 F.3d at 1105 (citing *United States v. Carty*, 520 F.3d 984, 991, 993 (9th Cir. 2008) (en banc)). A district court also errs when it fails to "explain why [the court] imposes a sentence outside the Guidelines." *Carty*, 520 F.3d at 992. "If a district judge 'decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Id.* at 991 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). A major deviation from the Guidelines range "should be supported by a more significant justification than a minor one."

*Id.* at 992 (quoting *Gall*, 552 U.S. at 50).

In justifying a sentence, a district court must "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). The Supreme Court has held that this statutory language "prevents a sentencing court from imposing or lengthening a prison term because the court thinks an offender will benefit from a prison treatment program." *Tapia v. United States*, 564 U.S. 319, 334 (2011). Our court has clarified that this prohibition applies with equal force to sentences imposed upon the revocation of supervised release. *United States v. Grant*, 664 F.3d 276, 282 (9th Cir. 2011).

In this case, Festa's need to receive and the Bureau of Prison's ability to provide sex offender treatment dominated the revocation hearing. Not once during this hearing did the district court ever announce that the Sentencing Guidelines recommended only three to nine months—well below the twenty-four months the district court ultimately imposed. In imposing twenty-four months, the district court mentioned only a breach of its trust and the court's desire for Festa "to get some help in the fundamental way that he needs help" as possible justifications. These justifications, on their face, make no attempt to explain the major deviation from the Guidelines range of three to nine months, *see Carty*, 520 F.3d at 992, and the latter justification clearly violates the rule of *Tapia*, which "prevents a sentencing court from imposing or lengthening a prison term because the court

3

thinks an offender will benefit from a prison treatment program." *Tapia*, 564 U.S. at 334.

These clear and obvious errors affected Festa's substantial rights and the fairness of his revocation proceedings because there is a "reasonable probability" that the district court would have imposed a different sentence had it (1) grappled with the recommended Guidelines range and (2) "recogniz[ed] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a); *see United States v. Vargem*, 747 F.3d 724, 728–729 (9th Cir. 2014) (noting that sentencing error that "potentially result[ed] in the imposition of a greater sentence . . . affects the defendant's substantial rights and the fairness of the judicial proceedings," and therefore "satisfie[s]" the "third and fourth prongs of the plain-error test" (internal quotation marks omitted)); *see also United States v. Tapia*, 665 F.3d 1059, 1062–63 (9th Cir. 2011). Given that these errors are plain, we exercise our discretion and vacate the sentence imposed by the district court.

**REVERSED and REMANDED for resentencing.**