NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

JUAN GONZALEZ-LOPEZ,

　　　　Defendant - Appellant.

No. 25-2536

D.C. No.
3:24-CR-02115-JAH

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted March 10, 2026
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and LIBURDI, District
Judge.[**]

Juan Gonzalez-Lopez appeals from his forty-month sentence for transporting

certain aliens under 8 U.S.C. § 1324(a)(1)(A)(ii). Gonzalez-Lopez argues that the

district court procedurally erred by failing to treat the United States Sentencing

Guidelines (the "Guidelines") as the starting point of sentencing, inadequately

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

explaining its upward variance, and misapplying the sentencing-disparity analysis under 18 U.S.C. § 3553(a)(6). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

When an appellant objects to procedural errors at sentencing, we review for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Absent objection before the district court, we review alleged procedural errors for plain error. *Holguin-Hernandez v. United States*, 589 U.S. 169, 171 (2020).

1. The district court did not procedurally err by failing to treat the Guidelines as the starting point of its sentencing analysis. The Guidelines must be the starting point of a court's sentencing determination, but they are ultimately advisory. *See Molina-Martinez v. United States*, 578 U.S. 189, 198–99 (2016); *see also United States v. Booker*, 543 U.S. 220, 245 (2005). Gonzalez-Lopez did not object on this ground at sentencing, so we review only for plain error. *See Holguin-Hernandez*, 589 U.S. at 171. The record shows that the district court began with the Guidelines, calculated an offense level of 11, and then turned to the 18 U.S.C. § 3553(a) factors before imposing an above-Guidelines sentence. Because the court anchored its analysis in the Guidelines before varying, there was no error, let alone plain error.

2. The district court did not procedurally err in explaining its upward

variance from the Guidelines. *See Carty*, 520 F.3d at 993 (noting that it would be procedural error "to fail adequately to explain the sentence selected, including any deviation from the Guidelines range"). Because Gonzalez-Lopez did not object to the adequacy of the court's explanation, we review for plain error. *Holguin-Hernandez*, 589 U.S. at 171. The district court explained that it imposed an above-Guidelines sentence based on the § 3553(a) factors, particularly the seriousness of the offense. The court also provided advance notice of a potential variance and continued the sentencing so the parties could address that possibility at a second hearing. On this record, the court adequately explained the basis for the variance.

3.      The district court did not procedurally err in its consideration of the § 3553(a) factors. Section 3553(a)(6) requires courts to consider the need to avoid unwarranted sentencing disparities, but courts are not required to compare a defendant's sentence to every prior case. *United States v. Treadwell*, 593 F.3d 990, 1012 (9th Cir. 2010), *overruled in part on other grounds by United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020).

a.      Gonzalez-Lopez argued before the district court and on appeal that the district court had not sufficiently reviewed his supplemental sentencing memorandum. We review this procedural challenge for abuse of discretion. *Carty*, 520 F.3d at 993. The district court did not ignore the cases Gonzalez-Lopez cited

in his supplemental sentencing memorandum. When defense counsel raised the supplemental sentencing memorandum, the court briefly recessed to review it before continuing the hearing. The court then explained that the cited cases lacked sufficient factual detail to permit meaningful comparison and noted that it had also considered similar cases it and other judges had handled in the district. Because the district court considered § 3553(a)(6) in its analysis, the court did not procedurally err. *See Carty*, 520 F.3d at 993 (noting that it would be procedural error to "fail to consider the § 3553(a) factors").

      b.      The district court did not err under Federal Rule of Criminal Procedure 32 by referencing its prior cases during the disparity analysis. Gonzalez-Lopez did not object on Rule 32 grounds at sentencing, so we review for plain error. *Holguin-Hernandez*, 589 U.S. at 171. Rule 32 requires that the parties have an opportunity to comment on matters relating to an appropriate sentence. Fed. R. Crim. P. 32(i)(1)(C). But Gonzalez-Lopez identifies no authority requiring a district court to disclose every prior sentencing decision it considers when evaluating sentencing disparities. *See Treadwell*, 593 F.3d at 1012. In any event, Gonzalez-Lopez has not shown a reasonable probability that he would have received a different sentence if the court had disclosed the specific cases. *See United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011).

      c.      The district court did not procedurally err by allegedly

misremembering the facts of its prior cases. *See Carty*, 520 F.3d at 993 (noting that it would be procedural error to "choose a sentence based on clearly erroneous facts"). Although Gonzalez-Lopez did not make this specific objection at sentencing, we review for abuse of discretion because he did not have "any real opportunity to object" to the factual accuracy of the court's memory. *United States v. Montoya*, 82 F.4th 640, 646 (9th Cir. 2023); *United States v. Reyes*, 18 F.4th 1130, 1134–35 (9th Cir. 2021); *Carty*, 520 F.3d at 993. Here, the district court did not choose a sentence based on clearly erroneous facts in Gonzalez-Lopez's own case. Those facts were undisputed and stipulated to before the district court. We have not found, and Gonzalez-Lopez fails to provide, any authority for the proposition that failure to accurately recall the facts of another case referenced at sentencing constitutes procedural error. In addition, because the district court did not specifically name the cases on which it relied, we are not "left with the definite and firm conviction that a mistake has been committed." *United States v. Christensen*, 732 F.3d 1094, 1103 (9th Cir. 2013) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

**AFFIRMED.**