**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10371 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00204-JD-1 |
| v. | |
| EUGENE LATRELL MCNEELY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Eugene Latrell McNeely appeals from the district court's judgment and challenges the 168-month sentence imposed following his guilty-plea conviction for transportation of a minor for prostitution, in violation of 18 U.S.C. § 2423(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

McNeely contends that the district court procedurally erred and violated his right to due process by relying on allegedly unreliable hearsay statements in the presentence report. This claim fails because the record reflects that the district court did not rely on the challenged statements. Rather, consistent with Federal Rule of Criminal Procedure 32(i)(3)(B), the district court determined that it was unnecessary to rule on McNeely's objections because the court would not consider the statements in sentencing. The record does not support McNeely's contention that the court's sentencing explanation nonetheless reflects reliance on the challenged statements. We assume that the district judge meant what he said, *see United States v. Tapia*, 665 F.3d 1059, 1062 (9th Cir. 2011), and the undisputed portions of the record amply supported the court's conclusion that McNeely's offense involved an "exceptional degree of manipulation and cruelty."

McNeely also contends that the district court procedurally erred by failing to address his arguments for a below-Guidelines sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court fully explained its reasons for imposing a sentence at the bottom of the applicable Guidelines range. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc); *see also United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008) (district court need not specifically address each of the defendant's arguments to show that it has

19-10371

considered them).  Finally, contrary to McNeely's contention, the within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**