NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE ANGEL MARUFFO-MERA,

Defendant-Appellant.

No. 25-6010

D.C. No.
3:23-CR-00806-RBM

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

Submitted March 9, 2026[**]
Pasadena, California

RAWLINSON, N.R. SMITH, Circuit Judges, and LIBURDI, District Judge.[***]

Jose Angel Maruffo-Mera (Maruffo-Mera) appeals from the eight-month

custodial sentence and eighteen-month term of supervised release imposed by the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

district court following his revocation hearing.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

In 2023, Maruffo-Mera pled guilty to Transportation of Certain Noncitizens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).  He was sentenced to twelve months of imprisonment and three years of supervised release.

The government subsequently filed a petition seeking revocation of Maruffo-Mera's supervised release (the Petition).  The Petition alleged that Maruffo-Mera used marijuana and missed a required drug test while on supervised release.  The Petition also alleged that Maruffo-Mera threatened violence against his federal probation officer while talking to his state probation officer.

At the revocation hearing, Maruffo-Mera admitted to the allegations related to the marijuana use and drug test.  The government declined to proceed on the threat allegations because it "agree[d] with the defense's analysis that it does not meet the evidentiary requirements for making a true threat."  The government nevertheless referenced the alleged threat during the revocation hearing over defense counsel's objection.  The government and the probation officer also mentioned restraining orders that were allegedly filed against Maruffo-Mera, which defense counsel clarified were not granted, and none were pending.  The district court revoked Maruffo-Mera's supervised release after finding a violation of the substance abuse conditions.  The district court sentenced Maruffo-Mera to

eight months of imprisonment with an eighteen-month term of supervised release. The district court "[found] the . . . sentence . . . sufficient, but not greater than necessary, to afford adequate deterrence, to protect the public from any crimes by the offender, and also fulfill rehabilitative needs." The district court offered no further explanation for the sentence. When the district court asked if there was anything further, defense counsel responded, "No, Your Honor." Maruffo-Mera filed a timely Notice of Appeal.

1.     It is true that "prison, whether as an initial sentence or on revocation of supervised release, can be imposed and the duration selected only for purposes of retribution, deterrence, and incapacitation, not rehabilitation." *United States v. Grant*, 664 F.3d 276, 282 (9th Cir. 2011). But we have determined that the district court impermissibly imposed sentence for the purpose of rehabilitation when that purpose was explicitly and clearly expressed. *See, e.g., id.* at 279 (vacating sentence when the district court explained that "at least 24 months of imprisonment was necessary to get [the defendant] into the prison's rehabilitative program"); *United States v. Tapia*, 665 F.3d 1059, 1061-63 (9th Cir. 2011) (vacating and remanding when "[t]he district judge said the sentence had to be . . . sufficient to provide needed correctional treatment, which he determined to be the 500 Hour Drug program") (internal quotation marks omitted). The district court's statement in this case did not rise to that level of specificity.

**2.** Maruffo-Mera argues that the district court erred by failing to address the parties' factual disputes as required by Rule 32 of the Federal Rules of Criminal Procedure. Maruffo-Mera's sentence, however, was not imposed based on any disputed facts. At the revocation hearing, the prosecution merely brought to the court's attention that there were *accusations* of unlawful behavior against Maruffo-Mera. Maruffo-Mera never disputed that he was so accused. The district court's consideration of the undisputed fact that those accusations existed was permissible. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009) ("[D]istrict court[s] may consider a wide variety of information at sentencing that could not otherwise be considered at trial, *see* 18 U.S.C. § 3661, and [are] not bound by the rules of evidence, *see* Fed. R. Evid. 1101(d)(3). . . .") (footnote reference omitted). The district court acknowledged that the facts underlying those allegations had yet to be established, and did not base its decision on those disputed underlying facts. We therefore need not decide whether Rule 32(i)(3)(B) applies in the revocation context.

**3.** The district court adequately explained its imposition of a midrange sentence. When a court "decides simply to apply the Guidelines to a particular case, doing so [does] not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). Here, the district court "listened to [Maruffo-Mera]'s arguments and then simply found [his] circumstances insufficient to

warrant a sentence lower than the Guidelines range." *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054 (9th Cir. 2009) (citations, alteration, and internal quotation marks omitted). The district court therefore did not err. *See id.*

**AFFIRMED.**